CIRIACA AGUSTINA CRISTY, Plaintiff and Appellant, v. JORGE MALAVÉ, Defendant and Appellee.

No. 9999. Argued November 7, 1949.—Decided November 17, 1949.

498

*José Sabater* for appellant.   *Andrés Ruiz, Jr.* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Ciriaca Agustina Cristy sued Jorge Malavé in the district court for a declaratory judgment.   She alleged that she had sued Malavé in another proceeding in the municipal court to collect $231.25 which he owed her as rent for a lot she had leased to Malavé and on which the latter had constructed a house; that Ciriaca had obtained a default judgment for this amount against Malavé; that when the judgment became *firme*, she attached the house to satisfy the judgment; that on the day of the public sale Malavé filed an affidavit with the marshal claiming homestead rights in the house; that Ciriaca refused to deposit $500 as the amount of the homestead rights, alleging that she did not consider that the house was worth the amount of the homestead rights plus the rental claim and that in any event the defendant had no homestead rights in the house because it was located on land the latter did not own; that the sale was therefore suspended; and that Ciriaca has been unable to satisfy her judgment.

Ciriaca prayed for a judgment declaring that Malavé has no homestead rights in the house because it is located on leased land.   The district court entered a judgment on the pleadings declaring that under the circumstances Malavé has homestead rights in the house pursuant to Act No. 87, Laws of Puerto Rico, 1936.   Ciriaca has appealed from that judgment.

■■ The defendant alleged in his answer that the suit for a declaratory judgment did not lie as the case was pending before the municipal court, and the question raised by the plaintiff should be decided within that case. If the homestead rights had been before the municipal court, we would agree with this contention. This is because ordinarily the *pendency* of a suit in another court between the same parties is a ground for denying a petition for a declaratory judgment as to the same issues. *American Automobile Ins. Co. v. Freundt*, 103 F.(2) 613 (CCA 7, 1939); Borchard, Declaratory Judgments, 2nd ed., pp. 656–7, 817; Anderson, Declaratory Judgments, pp. 152, 527–28. But the issue as to homestead rights was never before the municipal court in the suit for collection of money. Aside from the present suit for a declaratory judgment, that question could be determined under the circumstances of this case only under § 5 of Act No. 87, which requires action in the district court.[1] And so far as we are aware, no such proceeding

---

[1] Section 5 reads in part as follows:

"No sale shall be made, under a judgment or execution, of any such urban or rural property when the same is claimed or occupied as a homestead, whether registered or not in the registry of property, unless a sum greater than five hundred dollars is obtained therefor.

"Such claim shall be made by means of an affidavit in which the good faith thereof shall be set forth, which affidavit shall be delivered to the officer in charge of the sale.

"In case such urban or rural property shall be sold for more than five hundred dollars, the excess over said sum shall be paid to the creditor and the sum of five hundred dollars shall be immediately deposited by the officer who made the sale, in the office of the secretary of the district court for the respective judicial district, so that said court may then decide as to the legitimacy of such claim. Said sum shall be exempt from embargo or execution of any nature, except in the cases provided in Section 2.

"The action shall be instituted by means of a complaint prepared in accordance with the provisions established for ordinary actions by the Code of Civil Procedure, which complaint shall be filed with the said district court within a period of thirty (30) days after the sale is made, and thereupon both the plaintiff and the defendant shall be summoned to appear in court within fifteen (15) days after the filing of said complaint. The defendant shall be summoned with a warning that if he fails to appear a judgment by default will be rendered without further summons or hearing."

was filed in the district court. Consequently, the district court did not err in entertaining the petition for a declaratory judgment. Under Act No. 47, Laws of Puerto Rico, 1931, and Rule 57 of the Rules of Civil Procedure, the mere existence of another adequate remedy, as distinguished from the prior exercise thereof, does not preclude a judgment for declaratory relief in appropriate cases.

■ On the merits, the judgment of the district court was clearly erroneous. We have held that under § 1 of Act No. 87 no homestead rights exist in a house built on leased land. *Pagán* v. *Quiñones*, 55 P.R.R. 917.[2]

The judgment of the district court will be reversed and a new judgment will be entered declaring that Malavé has no homestead rights in the house involved herein.

---

[2] Act No. 87 was amended by Act No. 4, Laws of Puerto Rico, 1939, but the amendment was on a point not material here.